**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
        v.                          )   Cr. No. 09-100-S
                                    )
DENNIS LIRIANO and XAVIER ROBERT    )
_____)

**ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendant Robert's Motion for the appointment of an expert witness to analyze the chemical substance at issue in this case, benzylpiperazine or BZP. BZP is a Schedule I narcotic, but is not referenced anywhere in the United States Sentencing Guidelines. Therefore, calculating a sentencing range under the Guidelines for the charges at issue requires comparing BZP to its most "closely related controlled substance." U.S.S.G. § 2D1.1, Application Note 5 (2009). To do so, the Court may consider whether BZP "has a chemical structure that is substantially similar" to a substance listed in the Guidelines, whether it "has a stimulant, depressant, or hallucinogenic effect on the central nervous system" that is similar to a listed drug, and whether "a lesser or greater quantity" is necessary to achieve the same effect. Id.

This task will involve considerable technical analysis. In addition, during an ex parte conference in this matter held on

January 19, 2009, counsel for Defendants identified the need for a scientific sampling of the evidence, which apparently consists of tens of thousands of individual pills.  For these reasons, the Court granted Robert's motion.  In the Court's view, counsel will not adequately be able to advise their clients about likely sentencing exposure in the absence of expert analysis.  Accordingly, as explained at the conference, the Court concludes that expert services are "necessary for an adequate defense" within the meaning of the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(e)(1).  See United States v. Correa-Alicea, 585 F.3d 484, 492 (1st Cir. 2009).  The Court authorizes an initial allocation of $1,500 for purposes of obtaining expert services.  If Defendants later find this amount to be inadequate, they may apply to the Court for an additional allocation, and the Court will consider whether further funding is necessary at that time.  See 18 U.S.C. § 3006A(e)(3) (2010) (authorizing courts to certify expenses beyond a limit of $1,600 for expert services "of unusual character or duration" with approval of the chief justice of the circuit).

IT IS SO ORDERED.


/s/ William E. Smith
William E. Smith
United States District Judge
Date:  February 1, 2010

2